IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNIFER ARMSTRONG,

    Plaintiff,

v.

    Case No. 2:11-CV-0387
    JUDGE EDMUND A. SARGUS, JR.
    MAGISTRATE JUDGE NORAH MCCANN KING

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jennifer Armstrong's Motion for Attorney's Fees and Costs (Doc. 11). For the reasons that follow, the Court **GRANTS** Plaintiff's motion for attorneys' fees in the amount of **$5,459.00**.

### I. BACKGROUND

Plaintiff Jennifer Armstrong seeks a post-judgment award of attorneys' fees and costs under the Fair Debt Collections Practices Act ("FDCPA") as the successful party based on accepting Defendant Receivables Performance Management, LLC's Offer of Judgment in the amount of $1,001.00. (Doc. 9.) Plaintiff seeks attorneys' fees and costs in the amount of $5,511.00. Defendant does not oppose the award of attorneys' fees, but insists that the amount awarded either (1) be limited to $2,200.00, the amount requested during pre-suit settlement negotiations; or (2) be reduced to $2,418.00, on the basis that some of the charges are unreasonable. (Doc. 12.)

## II. DISCUSSION

The FDCPA provides for an award of "a reasonable attorney's fee" to the prevailing party. 15 U.S.C. § 1692k(a)(3). The Supreme Court has recognized that the lodestar method—the product of a reasonable hourly rate and the number of hours reasonably expended on the litigation—yields a fee amount that is presumptively reasonable. *See Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986). In this case, Defendant does not challenge the reasonableness of Plaintiff's counsel's hourly rates; rather, it challenges the reasonableness of the number of hours allegedly expended on the litigation.

Plaintiff seeks $5,511.00 in attorneys' fees pursuant to 15 U.S.C. § 1692k. The amount is "comprised of 17.1 hours of attorney time at hourly rates ranging from $270.00 per hour to $290.00 per hour, and 1.7 hours of paralegal time at an hourly rate of $125.00," in addition to $387.50 for the costs of filing and serving the complaint. (Doc. 11, at 9, 13.) Plaintiff's motion seeks to recover "fees for Peter Cozmyk at a rate of $270.00 per hour for 2.4 hours, attorney's fees for Michael Agruss at a rate of $290.00 per hour for 14.7 hours, and paralegal time at a rate of $125.00 per hour for 1.7 hours." (*Id.*)

Defendant first contends that Plaintiff's award of attorneys' fees should be limited to $2,200.00, the amount requested during pre-suit settlement negotiations, because "all time expended by [Plaintiff's attorneys] thereafter was wasteful and necessary because it increased attorneys' fees without providing any corresponding benefit to Plaintiff." (Doc. 12, at 11.) The Court finds this argument to be of no moment to this analysis. Any pre-suit settlement negotiations became irrelevant when Plaintiff filed her complaint on May 2, 2011. Moreover, the amount Defendant seeks—$2,200.00—was originally requested by the Plaintiff on March 3,

2011, and immediately denied by the Defendant, claiming such an amount was unreasonable. (*See* Doc. 12-1, Ex. 4.) Defendant cannot now seek the amount that it originally rejected.

Defendant also contends that the following charges are not reasonable: (1) 1.8 hours spent on the initial consultation; (2) 2.3 hours spent on settlement discussions regarding attorneys' fees after the March 3, 2011 agreement regarding forgiveness of the debt; (3) 0.60 hours Mr. Agruss spent receiving and reviewing e-mail correspondence from Defendant's counsel on March 4, 2011,"despite that Defendant's counsel sent only one e-mail dated March 4, 2011"; (4) 3.3 hours on "unnecessary and wasteful time entries reported after [Defendant] served its Offer of Judgment"; (5) 0.60 hours of duplicative time entries by Mr. Cozmyk; (5) 1.7 hours billed by a paralegal; and (6) 0.70 hours billed by Mr. Cozmyk for secretarial/administrative work. The Court will address each of these charges in turn.

### 1. Initial Consultation

Defendant challenges the 1.8 hours spent on the initial consultation between Plaintiff and her attorneys because "K&M [Plaintiff's firm] offers 'FREE CASE REVIEW.'" (Doc. 12, at 11.) In support of its position, Defendant offers a screen shot of K&M's website, which shows a button and query for "free case review." The query requires one to fill in their name, state, e-mail, phone number, and additional details of one's inquiry in order to have a "representative contact you TODAY for FREE!!!!" (Doc. 12-1, Ex. 1.) However, Plaintiff's attorneys' Statement of Services reveals that the 1.8 hours spent on the "initial consultation" consisted of an actual consultation with Plaintiff after having received her online inquiry, preparing the attorney-client agreement, explaining the terms of the agreement to Plaintiff, further discussion of case details with Plaintiff, and preparing related notes and memoranda to other attorneys in the firm. (Doc. 11-1, at 5.) The Court does not find this excessive or unreasonable.

3

## 2. Settlement Discussions After March 3, 2011

Defendant again challenges "all time billed for settlement discussions regarding K&M's attorneys' fees after the March 3, 2011, agreement regarding forgiveness of the debt." As set forth above, however, the Court finds this argument unavailing. Any settlement negotiations that took place on March 3, 2011 or thereafter are of no moment to this analysis, as those negotiations became immaterial when Plaintiff filed this lawsuit. Therefore, the Court does not find the time billed for settlement discussions after March 3, 2011 unreasonable.

## 3. March 4, 2011 E-mail Correspondence

Defendant challenges four 0.20 hour entries made by Mr. Agruss on March 4, 2011 for receiving and reviewing e-mail correspondence from Defendant's counsel, contending that Defendant's counsel sent only one e-mail on March 4, 2011 and thus the other three entries should be stricken as duplicative. Contrary to Defendant's representation, however, Plaintiff's Reply evidences that there were in fact four e-mails sent from Defendant's counsel to Plaintiff's counsel regarding this case on March 4, 2011, spanning a time period of approximately four hours. (Doc. 13-1.) The Court does not find the four 0.20 hour entries to be excessive or unreasonable.

## 4. Time Spent After Offer of Judgment

Defendant challenges "time entries reported after [Defendant] served its Offer of Judgment" totaling 3.3 hours, contending that they are "unnecessary and wasteful." (Doc. 12, at 12.) Defendant mischaracterizes the entries, asserting that Plaintiff's counsel spent 3.3 hours on tasks "despite Plaintiff's acceptance of [Defendant's] Offer of Judgment." (*Id.*) The Statement of Services makes clear, however, that all of the entries occurred *prior to* Plaintiff's acceptance

4

of Defendant's Offer of Judgment. (Doc. 11-1, at 2.) In fact, the final time entry billed in this case was on June 8, 2011, the day that Plaintiff accepted Defendant's Offer of Judgment. The time entries at issue, therefore, are not unnecessary or wasteful.

## 5. Duplicative Time Entries by Mr. Cozmyk

Defendant also challenges three 0.20 hour entries made by Peter Cozmyk, contending that they are duplicative of work done by Mr. Agruss and therefore not compensable. Defendant, however, fails to point to any specific time entries or dates. Moreover, Defendant has not cited any authority to support an argument that it is unreasonable or improper for two attorneys to bill for work done on similar tasks in the same matter. Further, 15 U.S.C. § 1692k does not prescribe the format of billing entries; it merely states that the fees must be reasonable. Therefore, the Court finds no merit in this argument.

## 6. Paralegal

Defendant asserts that the activities performed by paralegal Nathan Adkins (total of 1.7 hours) are secretarial/administrative work and should not be billed at a paralegal rate.

The Supreme Court has stated that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei, et al.*, 491 U.S. 274, 288 n.10 (1989). However, the Court also set forth various activities that are properly performed by a paralegal, including "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Id.* The activities at issue except for two—(1) filing the complaint and

5

initiating documents with the Court (part of a 0.50 hours entry on May 2, 1011); and (2) mailing documents (0.10 hours entry on Apr. 22, 2011)—fall within the above-described list of activities.

As to the time charged for filing the complaint/initiating documents with the Court and mailing documents, when an argument is made that particular paralegal activities do not require the professional training of a paralegal, "'[t]he only inquiry for requested paralegal fees should be whether the work was sufficiently complex to justify efforts of a paralegal as opposed to an employee at the next rung lower on the pay-scale ladder.'" *Gross ex rel. Gross v. Perrysburg Exempted Village School Dist.*, 306 F. Supp. 2d 726, 737 (N.D. Ohio 2004), quoting *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1315 (7th Cir. 1996). Filing documents with the Court and mailing documents are not activities sufficiently complex to require the professional training of a paralegal. With regard to filing court documents, however, it is unknown what portion of the 0.50 hours entry was devoted to filing because the activity was part of a block-billed entry listed as "Prepared Summons, Civil Cover Sheet, and initiating documents; filed Complaint and initiating documents with the Court." (Doc. 11-1, at 3.) Block-billed entries are not improper in the attorney fee context. *See Pittsburgh & Conneaut Dock Co. v. Director, Office of Workers' Compensation Programs*, 473 F.3d 253, 273 (6th Cir. 2007) (holding that the proper question is whether the fee is reasonable and noting that other "circuits have rejected block-billing objections to fee awards in a number of contexts."). Further, 15 U.S.C. § 1692k does not prescribe the format of billing entries; it merely states that the fees must be reasonable. The Court finds that out of an entry totaling 0.50 hours for "Prepared Summons, Civil Cover Sheet, and initiating documents; filed Complaint and initiating documents with the Court," 0.10 hours (or six minutes) is a logical portion of that time spent on filing the complaint and initiating documents with the Court. Accordingly, Mr. Adkins's time should be reduced by 0.10 hours for

6

filing the complaint/initiating documents with the Court and 0.10 hours for mailing documents, for a total reduction of $25.00.

### 7. Secretarial/Administrative Work by Mr. Cozmyk

Defendant also challenges 0.70 hours billed by Mr. Cozmyk for secretarial/administrative work. Again, Defendant fails to point to any specific time entries or dates. Upon close scrutiny of the Statement of Services, it appears that the only entry questionably related to secretarial/administrative work by Mr. Cozmyk is the 0.50 hours listed in the June 8, 2011 entry as "Prepared Plaintiff's Acceptance of Defendant's Offer of Judgment; filed same and served same." (Doc. 11-1, at 2.) While thirty minutes is neither an excessive or unreasonable period of time for an attorney to prepare court memoranda, filing documents is not an activity sufficiently complex to require the professional training of an attorney. However, it is unknown what portion of the 0.50 hours entry was devoted to filing the document as opposed to preparing the document because the activity was part of a block-billed entry. Applying the reasoning set forth above relating to paralegals filing documents, the Court finds that a reduction of 0.10 hours for filing the document out of the entry totaling 0.50 hours is reasonable. Accordingly, Mr. Cozmyk's time should be reduced by 0.10 hours, for a total reduction of $27.00.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees (Doc. 11) in the amount of **$5,459.00**, with a breakdown of the award as follows:

1. Fees for Attorney Peter Cozmyk at a rate of $270 per hour for 2.1 hours: **$621.00**;

2. Fees for Attorney Mike Agruss at a rate of $290 per hour for 14.7 hours: **$4,263.00**;

3. Fees for Paralegal Nathan Adkins at a rate of $125 per hour for 1.5 hours: **$187.50**; and

4. Cost of filing and serving the complaint: **$387.50**.

**IT IS SO ORDERED.**

2-7-2012
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE